UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| KAYLA WALKER, | ) | Case No. 22-30269-KKS |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| MARY IDA TOWNSON, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| REGION 21, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| vs. | ) | No. |
| | ) | |
| KAYLA WALKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES TRUSTEE'S COMPLAINT FOR
DENIAL OF DISCHARGE UNDER 11 U. S. C. § 727**

Pursuant to 11 U.S.C. § 727, Plaintiff Mary Ida Townson, United States Trustee, Region 21, by and through the undersigned attorney, brings this action for the denial of Defendant's discharge, and for such other relief as may be appropriate, and states:

**Parties and Jurisdiction**

1. Plaintiff files this Complaint pursuant to 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 7001. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(J).

2. Plaintiff, Mary Ida Townson, is the United States Trustee for Region 21 (herein "United States Trustee") including the Northern District of Florida, having been appointed by the United States Attorney General.

3. Defendant Kayla Walker filed a voluntary Chapter 7 bankruptcy petition in the Pensacola Division of the Northern District of Florida on May 2, 2022, Case No. 22-30269-KKS. The meeting of creditors under § 341(a) of the Bankruptcy Code was initially scheduled for June 14, 2022. A continued meeting was held and concluded on July 5, 2022. The deadline to file an objection to discharge in this case is August 15, 2022. The filing of this complaint is timely pursuant to Federal Rule of Bankruptcy Procedure 4004 in that the complaint objecting to discharge under §727(a) is filed within the deadline.

4. The United States Trustee in this adversary proceeding seeks denial of the discharge of the Defendant under 11 U.S.C. § 727(a).

5. A discharge has not been entered in the bankruptcy case of the Defendant.

## Factual Allegations

6. The Defendant is an individual. The Defendant filed under penalty of perjury Schedules and a Statement of Financial Affairs on May 2, 2022 ("Petition Date"). Official Form 106 A/B required the Defendant to list any legal or equitable interest in checking or savings accounts. The Defendant listed a checking and savings account with Navy Federal Credit Union with a value in each account of $0.00.

7. At the July 5, 2022, § 341(a) meeting of creditors the Defendant appeared and testified under oath. The Defendant, in response to questions by chapter 7 trustee, Sherry Chancellor ("Chancellor"), testified that she read and signed the Petition, Schedules, Statement of Financial Affairs, and related documents filed with the Court, that she listed all her assets and all of her debts, and that to the best of her knowledge the information was true and correct. This testimony constituted false statements and oaths by the Defendant.

2

8. Defendant provided bank records to Chancellor that show the deposit of a tax refund of $15,758.10 into a joint account held by the Defendant with her minor child within three months of the Petition Date. The Defendant failed to disclose this joint account, despite depositing her tax refund into it shortly before filing her bankruptcy schedules. The bank records show that as of the Petition Date, Defendant continued to maintain the undisclosed account and that it had significant funds on deposit.

9. On July 14, 2022, the United States Trustee requested six months of bank records from any account held by the Defendant as well as an explanation of the chain of custody of the tax refund monies from initial deposit by the Defendant through the Petition Date. The Defendant did not respond or otherwise provide any records responsive to the United States Trustee's request.

10. The bank records Defendant provided to Chancellor reflect a large number of transfers within a few months of filing not disclosed by the Defendant on her Statement of Financial Affairs filed under penalty of perjury.

## COUNT I

11. Plaintiff re-alleges and incorporates Paragraphs 1-10 as if set forth fully herein.

12. The Defendant, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under Title 11 of the United States Code, transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Defendant within one year before the filing of the petition, or property of the estate after the date of the filing of the petition, in violation of U.S.C. § 727(a)(2).

13. Based on this violation of 11 U.S.C. § 727(a)(2) the Defendant is not

entitled to a discharge.

## COUNT II

14. Plaintiff re-alleges and incorporates Paragraphs 1-10 as if set forth fully herein.

15. The Defendant knowingly and fraudulently, in or in connection with her bankruptcy case, made one or more false oaths or accounts, in violation of 11 U.S.C. § 727(a)(4)(A).

16. Based on this violation of 11 U.S.C. § 727(a)(4)(A) the Defendant is not entitled to a discharge.

## COUNT III

17. Plaintiff re-alleges and incorporates Paragraphs 1-10 as if set forth fully herein.

18. The Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which her financial condition or business transactions might be ascertained, in violation of 11 U.S.C. § 727(a)(3).

19. Based on this violation of 11 U.S.C. § 727(a)(3) the Defendant is not entitled to a discharge.

## COUNT IV

20. Plaintiff re-alleges and incorporates Paragraphs 1-10 as if set forth fully herein.

21. The Defendant has failed to explain satisfactorily any loss of assets or deficiency of assets to meet her liabilities, in violation of 11 U.S.C. § 727(a)(5).

22. Based on this violation of 11 U.S.C. § 727(a)(5) the Defendant is not entitled to a discharge.

WHEREFORE, the United States Trustee demands judgment denying the discharge of the Defendant, and such other and further relief the Court finds just and proper.

Dated:  August 12, 2022

        Mary Ida Townson
        United States Trustee
        Region 21
        Plaintiff

        <u>/s/ JASON H. EGAN</u>
        Jason H. Egan
        United States Department of Justice
        Office of the United States Trustee
        110 East Park Avenue, Suite 128
        Tallahassee, FL 32301
        850-942-1664
        FAX: 850-942-1661
        Florida Bar No. 0568351
        Jason.h.egan@usdoj.gov